1  IRENE KARBELASHVIOI, ESQ. (SBN 232223)
   IRAKLI KARBELASHVILI, Esq. (SBN 302971)
2  ALLACCESS LAW GROUP
   irene@allaccesslawgroup.com
3  irakli@allaccesslawgroup.com
   1400 Coleman Ave Ste F28
4  Santa Clara, CA 95050
   Telephone: (408) 295-0137
5  Fax: (408) 295-0142

6  Attorneys for Plaintiff
   NATALIYA VASIN
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  NATALIYA VASIN,                    CASE NO. 23-cv-4834
                                        Civil Rights
12          Plaintiff,
                                        COMPLAINT FOR PRELIMINARY AND
13      v.                              PERMANENT INJUNCTIVE RELIEF AND
                                        DAMAGES:
14  CWPM, INC., dba CAL-WESTERN
    PROPERTY MANAGEMENT;
15  CHRISTOPHER NELSON; and SU-AN       1)  Violation of the Federal Fair Housing Act (42
    NELSON,                                 U.S.C. § 3601 *et seq.*)
16
            Defendants.                 2)   Violation of the California Fair Employment
17                                          and Housing Act (Gov't Code § 12926 *et seq.*)

18                                      3)  Violation of the California Disabled Persons
                                            Act (Civil Code § 54 *et seq.*)
19
                                        4)  Violation of the California Unruh Act (Civil
20                                          Code § 51(b))

21                                      5)  Velation of the California Gov Code § 11135

22
                                        DEMAND FOR JURY TRIAL
23

24      Plaintiff NATALIYA VASIN ("Plaintiff") complains of Defendants CWPM, INC., dba

25  CAL-WESTERN PROPERTY MANAGEMENT; CHRISTOPHER NELSON; and SU-AN

26  NELSON ("Defendants"), and alleges as follows:

27      1.      **INTRODUCTION:**  Plaintiff NATALIYA VASIN brings this action against

28

                                    1
            COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1   CWPM, INC., dba CAL-WESTERN PROPERTY MANAGEMENT; CHRISTOPHER

2   NELSON; and SU-AN NELSON, the owners, and managers of the residential facility at 665

3   Nido Dr Campbell, CA 95008 ("Apartment Complex") alleging discrimination on the basis of

4   disability in violation of the Federal Fair Housing Act, 42 U.S.C. § 3601, et seq., and related state

5   laws.

6         2.      Plaintiff seeks an injunction compelling Defendants to allow her reasonable

7   accommodation requests so that she can fully use and enjoy her dwelling in a manner that is

8   substantially equal to that of other tenants at the Apartment Complex; to change their policies to

9   provide reasonable accommodations to disabled tenants; and damages for the injuries Plaintiff has

10   suffered and will continue to suffer until Defendants changes their discriminatory behavior.

11         3.      **JURISDICTION:**  This Court has jurisdiction of this action under 28 U.S.C.

12   section 1331 for violations of the Fair Housing Act, 42 U.S.C. sections 3601 *et seq*.  This Court

13   has jurisdiction over the related state-law claims brought under California law pursuant to 28

14   U.S.C. section 1367.

15         4.      **VENUE:**  Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and

16   is founded on the fact that the real property which is the subject of this action is in this district and

17   that Plaintiff's causes of action arose in this district.

18         5.      **INTRADISTRICT:**  This case should be assigned to the San Jose intradistrict as

19   the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of

20   action arose in this intradistrict.

21         6.      **PARTIES:**  Plaintiff NATALIYA VASIN suffers from a myriad of physical

22   impairments including asthma, severe allergies, Lupus, arthritis, carpal tunnel syndrome, and

23   Atrial fibrillation. She also had a stroke in 2011 which also limited her mobility. Plaintiff's

24   physical impairments have substantially limited her major life activities of breathing, respiratory

25   function, walking, and performing manual tasks with her hands. Plaintiff is thus a physically

26   "handicapped person" as defined by 42 U.S.C. section 3602, and a "person with a disability" as

27   defined in 29 U.S.C. section 705(9)(B), California Government Code section 12926, the Unruh

28   Civil Rights Act, California Civil Code section 51, the Disabled Persons Act, California Civil

Code section 54.1, and Civil Code section 3345.

7.     Defendant CWPM, INC., dba CAL-WESTERN PROPERTY MANAGEMEN manages the Apartment Complex at 665 Nido Dr Campbell, CA 95008. Defendants CHRISTOPHER NELSON and SU-AN NELSON are the owners of the subject premises. The Apartment Complex is a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b), a housing accommodation under FEHA, Government Code § 12927(d), and the Disabled Persons Act, Civil Code § 54.1(b)(2), and a business establishment under the Unruh Act, Civil Code § 51. Plaintiff is informed, believes, and alleges that each Defendant is and was, at all times relevant, the agent, employee, or representative of each other Defendants. Each Defendant in doing the acts or in omitting to act as alleged in this Complaint, was acting within the course and scope of their actual apparent authority under such agency, or the alleged acts or omissions of each Defendant as agent were ratified and adopted by each Defendant as principal.

8.     **FACTUAL STATEMENT:** Plaintiff is a 73-year-old woman with physical disabilities. She has been a tenant in the same two-bedroom unit at the Apartment Complex for about thirty years. The unit has wall-to-wall carpeting and lacks a dishwasher. Plaintiff has always paid her rent on time. As a low-income tenant her rent is subsidized by the Sant Clara Housing Authority.

9.     Whenever a carpet at unit at the Apartment Complex has passed its life span, Defendants' policy is to replace it for another carpet, rather than installing hardwood, linoleum, or laminate flooring. During her 30-year tenancy, Plaintiff's carpet was replaced once over ten years ago.

10.     Since early July, on numerous occasions, Plaintiff spoke to Defendants' representative requesting that they replace the carpet in her unit to a laminate or linoleum floor. She explained to Defendants' representative that her request was not based on her desire to change the flooring but because the carpet was a trigger for her asthma and allergies. Each time this request was denied by Defendants, they cited as a basis for their denial their policy of replacing the old carpet for a new carpet with no exceptions. Plaintiff's request was eminently reasonable because the area in Plaintiff's unit that needs new flooring is above a garage, not a

1  living unit. Therefore, to the extent that Defendants believe that replacing carpet with hardwood,
2  linoleum, or laminate would disrupt tenants living on the ground floor, the concern lacks merit
3  because no tenants live below this area.

4      11.    While making these requests, Plaintiff also asked Defendants to install a
5  dishwasher in her unit. Plaintiff told Defendants' representative that she needed a dishwasher
6  because of Lupus and arthritis which limit her ability to hold items. This request was also denied
7  by Defendants because, according to the representative, the Housing Authority would not approve
8  such a request.

9      12.    On or about July 26, 2023, Plaintiff submitted to Defendants a "Reasonable
10  Accommodation Request Questionnaire" signed by her physician once again asking Defendants
11  to replace the carpet in her unit with a laminate floor. The request explicitly stated that she needed
12  the carpeting replaced with laminate flooring because of "Allergy to dust/carpet." In the same
13  request, Plaintiff also asked Defendants to install a dishwasher because she suffers from
14  "Lupis/arthritis" and is thus "unable to hold items or walk."

15      13.    Soon after Plaintiff called and left a voicemail with Defendants' representative
16  regarding her written accommodation request.

17      14.    On August 1, 2023, Plaintiff received an email from Defendants' representative
18  stating, "As discussed previously [*sic*] carpet has been approved for your unit (this is what you
19  had asked me for). Nothing else at this time will be approved." This email was not an accurate
20  description of what Plaintiff asked Defendants to do. Plaintiff does not need the carpet to be
21  replaced with another carpet. This will not accommodate her disability. Plaintiff needs to have the
22  carpet replaced with a laminated flooring (or with some other similar flooring) so that she can
23  comfortably breath in her unit like all other tenants in the Apartment Complex. Defendants have
24  repeatedly denied this request. Defendants have similarly repeatedly denied Plaintiff's request to
25  have a dishwasher installed. Plaintiff needs a dishwasher so that she can have clean dishes and
26  utensils. These requests are eminently reasonable, and Defendants have provided no legitimate
27  reason why they need not grant Plaintiff's accommodation requests.

28      15.    Plaintiff is therefore forced to file this lawsuit to enforce her right to full and equal

1    access to her home.

2                          **FIRST CAUSE OF ACTION:**
                  **VIOLATION OF THE FEDERAL FAIR HOUSING ACT**
3                            **(42 U.S.C. § 3601 *et seq.*)**

4           16.    Plaintiff repleads and incorporates by reference, as if fully set forth again here, the

5    allegations contained in all paragraphs of this Complaint and incorporates them here by reference

6    as if separately repled hereafter.

7           17.    The Apartment Complex is a "dwelling" available "to rent" within the meaning of

8    the Fair Housing Act (FHA).  42 U.S.C.A. § 3602.  It is a "covered multi family dwelling" under

9    section 3604 (f)(7)(A).

10          18.    Based on the above, Defendants have violated the protections afforded to Plaintiff

11   under the FHA by failing and refusing to make reasonable accommodations in policies, programs,

12   and procedures when such is necessary to afford Plaintiff an equal opportunity to use and enjoy

13   the dwelling and/or failing to provide a reasonable modification so that Plaintiff has an equal

14   opportunity to use and enjoy her dwelling.

15          19.    Defendants had actual knowledge that Plaintiff is a person with a disability.

16   Plaintiff affirmatively requested reasonable accommodations. Defendants repeatedly refused

17   provide the requested accommodations.

18          20.    Defendants maintain a pattern and practice of denying Plaintiff full and equal

19   access to her dwelling by refusing to grant reasonable accommodation requests.  42 U.S.C.A. §

20   3604(f)(3).

21          21.    For these reasons, Plaintiff is entitled to actual damages, punitive and exemplary

22   damages and injunctive relief as set forth below.

23          WHEREFORE, Plaintiff prays for damages and injunctive relief as stated below.

24

25                          **SECOND CAUSE OF ACTION:**
          **VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
26                          **(*Cal. Government Code § 12955 et seq.*)**

27          22.    Plaintiff repleads and incorporates by reference, as if fully set forth again here, the

28   allegations contained in all paragraphs of this Complaint and incorporates them here by reference

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1    as if separately repled hereafter.

2         23.    The Fair Employment and Housing Act (FEHA) prohibits discrimination on the

3    basis of disability in housing.  Gov.C. § 12955 *et seq.*

4         24.    The Apartment Complex is a "housing accommodation" within the meaning of

5    FEHA. Cal. Gov't Code § 12927.

6         25.    Based on the above, Defendants have violated the protections of FEHA by failing

7    to modify policies and practices to provide reasonable accommodations to Plaintiff, including

8    changes in policies, programs and procedures that allow persons with disabilities to enjoy their

9    rental dwelling to the same extent as those without disabilities.

10        26.    Based on the above, Plaintiff is entitled to actual damages, punitive and exemplary

11   damages and injunctive relief as set forth below.

12             WHEREFORE, Plaintiff prays for damages and injunctive relief as stated below.

13

14                              **THIRD CAUSE OF ACTION:**
                **VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**
15                              **(Cal. Civ. Code § 54 *et seq***

16        27.    Plaintiff repleads and incorporates by reference, as if fully set forth again here, the

17   allegations contained in all paragraphs of this Complaint and incorporates them here by reference

18   as if separately repled hereafter.

19        28.    The Disabled Persons Act (DPA) requires, "Individuals with disabilities shall be

20   entitled to full and equal access, as other members of the general public, to all housing

21   accommodations offered for rent, lease, or compensation in this state, subject to the conditions

22   and limitations established by law, or state or federal regulation, and applicable alike to all

23   persons."  Civ.C. § 54.1(b)(1).

24        29.    The subject apartment building is a housing accommodation under Civil Code

25   section 54.1(b)(2).  Plaintiff is a person with a disability within the meaning of the DPA.

26        30.    For these reasons, Defendants have violated the DPA as follows:

27             a.    Denying Plaintiff full and equal access to her housing accommodations,
                     (Civ. C. § 54.1(b)(1));
28

b.   Refusing to "make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises."  (Civ.C. § 54.1(b)(3)(B)); and

31.   Plaintiff has suffered actual damages as a result of such failures which she alleges stems from Defendants' knowing and intentional violation of her rights as a person with disabilities.

32.   Based on the above, Plaintiff is entitled to statutory damages, actual damages, punitive and exemplary damages as set forth below.

WHEREFORE, Plaintiff requests relief as outlined below.

## FOURTH CAUSE OF ACTION:
## VIOLATION OF UNRUH CIVIL RIGHT ACT
### (Cal. Civ. Code § 51 *et seq.*)

33.   Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

34.   At all times mentioned, the Unruh Civil Rights Act, California Civil Code 51(b), provided that:

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.   Defendants own/operate a business establishment and Plaintiff is a person with a disability within the meaning of the Unruh Act.

36.   Defendants violated the Unruh Act by failing and refusing to modify the policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services.

37.   Plaintiff is informed, believes, and alleges that Defendants' behavior, as alleged here, was intentional: Defendants were aware or were made aware of their duties to refrain from establishing discriminatory policy barriers preventing Plaintiff from having an accessible unit at the subject premises.

7

38.     Defendants' refusal to provide Plaintiff with reasonable accommodations, despite her repeated requests, demonstrates a knowing and conscious disregard for the law in general and an intentional denial of rights of disabled tenants in particular.  Such conduct justifies an award of treble, punitive and exemplary damages along with all other relief sought.

WHEREFORE, Plaintiff requests relief as outlined below.

## FIFTH CAUSE OF ACTION: DISCRMINIATION UNDER PROGRAM RECEIVING FINANCIAL ASSISTANCE FROM THE STATE OF CALIFORNIA

### Cal. Gov. Code § 11135

### (Against all Defendants and Each of Them)

39.     Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

40.     Plaintiff is informed, believes, and alleges that the administration, supervision and maintenance by Defendants of the Apartment Complex, which is subject of the action, is funded in whole or in part by the State of California. Upon information and belief, the amount of money received from the State of California is in excess of $10,000 in the aggregate per State fiscal year and/or in an amount in excess of $1,000 per transaction.

41.     Defendants have failed to make their programs, services, and activities readily accessible to and useable by disabled, including Plaintiff, and have discriminated against Plaintiff on the basis of her disability in violation of California Government Code § 11135 et seq.

42.     At all times mentioned here, California Government Code § 11135 provided as follows:

(a) No person in the State of California shall, on the basis of race, national origin, ethnic group identification, religion, age, sex, sexual orientation, color, genetic information, or disability, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state.
(b) With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the federal Americans with Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the

programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

43.     Plaintiff has no adequate remedy at law, and unless the requested relief is granted, Plaintiff will suffer irreparable harm in that she will continue to be discriminated against and denied full and equal access to the subject premises. Plaintiff also suffered damages, as specified, as the result of the denial of her civil rights as alleged above and on continues basis since.

WHEREFORE, Plaintiff requests relief as set forth below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as stated in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief she requests.  Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff NATALIYA VASIN prays for judgment and the following specific relief against Defendants:

1.     An order enjoining Defendants, their agents, officials, employees, and all persons acting in concert with them:

      a.     From continuing the unlawful acts, conditions, and practices described in this Complaint;

      b.     To provide a policy and procedure consistent with California and federal law to provide reasonable accommodations for persons with disabilities who live at the building or who wish to do so;

      c.     To train Defendants' employees and agents in how to accommodate the rights and needs of persons with disabilities;

      d.     To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities;

9

2.      Retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts, and omissions, as complained of here, no longer occur, and cannot recur;

3.      Award to Plaintiff all appropriate damages, including, but not limited to, statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4.      Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.      Award prejudgment interest under Civil Code section 3291; and

6.      Grant any other relief that this Court may deem just and proper.

Date: September 20, 2023                        ALLACCESS LAW GROUP


                                                  ___/s/ Irene Karbelashvili_____
                                                  By IRENE KARBELASHVILI, Esq.
                                                  Attorney for Plaintiff
                                                  NATALIYA VASIN

### JURY DEMAND

Plaintiffs demands a trial by jury for all claims for which a jury is permitted.


Date: September 20, 2023                        ALLACCESS LAW GROUP


                                                  ___/s/ Irene Karbelashvili_____
                                                  By IRENE KARBELASHVILI, Esq.
                                                  Attorney for Plaintiff
                                                  NATALIYA VASIN

10